# In the United States Court of Federal Claims

No. 11-275L
(Filed: May 23, 2013)

|  |  |
|---|---|
| | ) |
| BIG OAK FARMS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER FOLLOWING <u>ARKANSAS GAME</u>[1]

Plaintiffs in this action are landowners in Mississippi County, Missouri who own land located in the Birds Point-New Madrid Floodway.  On July 11, 2011, plaintiffs filed an Amended Complaint, asserting Fifth Amendment takings claims and breach of contract claims against the United States.[2]  Plaintiffs alleged that the United States took their property without just compensation in violation of the Fifth Amendment of the United States Constitution when the Army Corps of Engineers activated the Birds Point-New Madrid Floodway on May 2, 2011 by breaching the levee that protected plaintiffs' property with explosives, thereby unleashing a flood that caused damage to plaintiffs' land, crops, equipment, and infrastructure.  Plaintiffs also alleged that the United States breached the terms of certain flowage easements previously acquired across some of plaintiffs' properties by failing to provide compensation—as specifically provided for in those easements—for the sand and gravel deposits left behind by the May 2, 2011 flood. The United States moved to dismiss only plaintiffs' Fifth Amendment takings claims.

On May 4, 2012, this court issued an opinion granting the United States' motion to dismiss plaintiffs' takings claims.  <u>Big Oak Farms, Inc. v. United States</u>, 105 Fed. Cl. 48, 59 (2012).  The court held in relevant part that whether government-induced flooding

---

[1]  <u>Ark. Game & Fish Comm'n v. United States</u>, 133 S. Ct. 511 (2012).

[2]  Plaintiffs have since filed a now operative Second Amended Complaint, which is identical to the Amended Complaint as to their takings claims.

constitutes a taking depends on whether the government's interference with plaintiffs' property rights was "substantial and frequent enough" to amount to a taking.  Id. at 53; Ridge Line, Inc. v. United States, 346 F.3d 1346, 1357 (Fed. Cir. 2003).  The court found that plaintiffs failed to state a valid takings claim in this case because their takings claim was based on the single May 2, 2011 flooding event.  Big Oak Farms, 105 Fed. Cl. at 56.  The court also held that plaintiffs could not base a takings claim on the current Birds Point-New Madrid floodway operation plan because plaintiffs did not allege facts to show that the plan would necessarily result in more frequent flooding that would rise to the level of a taking.  Id. at 57.  In this regard, the court noted that the Birds Point-New Madrid Floodway had only been activated twice in its history.  Id.  Concluding that plaintiffs had alleged only consequential damages based on a tort, not a taking, the court dismissed plaintiffs' takings claims.  Id. at 59.

Following the court's opinion, the parties proceeded with discovery on plaintiffs' remaining contract causes of action.  Then, on December 4, 2012, the Supreme Court issued its opinion in Arkansas Game and Fish Commission v. United States, 133 S. Ct. 511 (2012).  Arkansas Game addressed whether a Fifth Amendment taking could occur where government-induced flood invasions, although repetitive, are only temporary.  Id. at 515.  In answer, the Supreme Court held that "recurrent floodings, even if of finite duration, are not categorically exempt from Takings Clause liability."  Id.  The Court found that it had consistently "rejected the argument that government action must be permanent to qualify as a taking," and that there was "no solid grounding in precedent for setting flooding apart from all other government intrusions on property."  Id. at 519, 521.

On December 5, 2012, this court directed the parties to address the effect, if any, of Arkansas Game on plaintiffs' dismissed Fifth Amendment takings claims.  The parties' briefing on this issue was complete on March 8, 2013, and the State of Missouri filed an amicus brief in support of plaintiffs on March 18, 2013.  The United States argues that Arkansas Game, which addressed the sole question of whether repeated, government-induced flooding may effect a taking, did not impact the court's decision in Big Oak Farms, which involved damages alleged to have been caused by a single event that temporarily flooded plaintiffs' property as part of a flood control project, and that has since receded.  Plaintiffs and the State of Missouri argue that the court should revisit plaintiffs' takings claims on the grounds that, under their reading of Arkansas Game, the government can no longer rely on the Supreme Court and Federal Circuit flooding precedent that differentiates temporary takings by flooding from general takings jurisprudence.

After careful consideration of the decision in Arkansas Game and the parties' and the State of Missouri's arguments, this court declines to reconsider its dismissal of plaintiffs' Fifth Amendment takings claims.  The question presented in Arkansas Game was limited to whether "recurrent" flooding events are categorically exempt from takings liability because they are temporary in nature.  Arkansas Game did not eliminate the

requirement that plaintiffs, to state a takings claim based on flooding, must allege permanent or temporary flooding that is "substantial and frequent enough to rise to the level of a taking," rather than a tort.  Ridge Line, 346 F.3d at 1357.[3]  Here, plaintiffs fail to allege any facts to suggest that the government has caused flooding of their property on a repeated basis.  While Arkansas Game expresses the general opinion that flooding should not be set apart from other types of government intrusion on property for the purposes of the Fifth Amendment, it does not, as plaintiffs suggest, overturn all of the flooding precedents relied on by this court in Big Oak Farms.  Indeed, the Arkansas Game Court cautioned that "general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used.  If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."  133 S. Ct. at 520 (quoting Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399 (1821)).  Arkansas Game addressed simply and only whether "repeated" government-induced flooding, if temporary in nature, was exempt from the Takings Clause.  The Supreme Court did not address whether a single flood can give rise to a claim for a taking as opposed to a tort.  The court thus concludes that Arkansas Game has no application to plaintiffs' takings claims.

In sum, the court finds that the Supreme Court's decision in Arkansas Game does not impact this court's dismissal of plaintiffs' takings claims in Big Oak Farms.  The court therefore concludes that there is no reason to reconsider its opinion on plaintiffs' takings claims in this case.[4]  The parties shall submit a joint status report setting forth a revised discovery and briefing schedule on liability for the remaining contract causes of action by **May 30, 2013**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[3] Ridge Line was cited favorably, although not for this proposition, by the Arkansas Game Court. Ark. Game, 133 S. Ct. at 522.

[4] As such, the court declines plaintiffs' requests for oral argument or leave to amend their complaint based on any Fifth Amendment takings causes of action.