# In the United States Court of Federal Claims

No. 11-275L
(Filed: July 23, 2013)

|  |  |
|---|---|
| BIG OAK FARMS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER REINSTATING PLAINTIFFS' TAKINGS CLAIMS AND DENYING PLAINTIFFS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

The court is in receipt of the parties' briefing on plaintiffs' motion for modification of this court's May 23, 2013 order and for a stay pending appeal of that order. Plaintiffs seek certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(2) (2012) and a staying pending that appeal of the court's May 23, 2013 order denying reconsideration of its May 4, 2012 decision rejecting plaintiffs' takings claims. See Big Oak Farms, Inc. v. United States, 105 Fed. Cl. 48 (2012). The court's May 23, 2013 order held that the Supreme Court's recent opinion in Arkansas Game and Fish Commission v. United States, 133 S. Ct. 511 (2012), did not affect the court's opinion in this case dismissing plaintiffs' takings claims based on a single flooding event. In particular, the court found that the Arkansas Game decision, while expressing the general opinion that flooding should not be set apart from other types of government intrusion on property, was limited to the question of whether recurring flooding events, if temporary, amount to a taking. Order Following Arkansas Game at 3, ECF No. 54.

Plaintiffs argue that there is substantial ground for difference of opinion on this issue, because the court's order interprets and applies a new Supreme Court decision to a complex and longstanding body of case law regarding government taking by flooding, and that, therefore, interlocutory review of the court's order is appropriate in this case. The government opposes plaintiffs' motion arguing that there is no substantial ground for difference of opinion regarding a controlling question of law on the application of

Arkansas Game, and that interlocutory appeal will not materially advance the ultimate termination of this litigation.

Although the court continues to disagree with plaintiffs' argument that the Supreme Court expanded on flooding takings liability in Arkansas Game in a way that allows for a single flooding event to constitute a taking, after careful consideration, the court has determined that allowing plaintiffs to develop their takings claims parallel with their remaining breach of contract claims will promote the most efficient resolution of this action.

Therefore, rather than certify this legal question for interlocutory review, the court will reinstate Counts I and II of plaintiffs' Second Amended Class Action Complaint, ECF No. 32, to allow plaintiffs to pursue their takings claims based on the May 2, 2011 flood and the subject flood plan. The court will allow plaintiffs to develop a factual record to establish whether a taking has occurred under the fact-based, balancing test outlined in Arkansas Game, 133 S. Ct. at 522-23, for cases involving recurring flooding. Specifically, the parties will be allowed discovery to address the balancing factors identified by the Supreme Court in Arkansas Game: "the degree to which the invasion is intended or is the foreseeable result of authorized government action," the character of the land at issue and whether the invasion interferes with the landowners' "reasonable investment-backed expectations," and the "[s]everity of the interference." Id. (citations omitted).

In addition, the Arkansas Game Court did not address the principles of flooding takings jurisprudence set forth in United States v. Sponenbarger, 308 U.S. 256 (1939) or Danforth v. United States, 308 U.S. 271 (1939). It is well-settled that "[c]ourts do not normally overturn a long line of earlier cases without mentioning the matter." John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 137 (2008). The Arkansas Game Court did not expressly overturn Danforth or Sponenbarger, and limited the question before it to "whether a taking may occur . . . when government-induced flood invasions, although repetitive, are temporary." Arkansas Game, 133 S. Ct. at 515 (emphasis added). The parties must therefore also confront the legal standards set forth in Danforth and Sponenbarger regarding the government's takings liability in this case. In particular, the parties must address whether plaintiffs have or have not received greater benefit than detriment as a result of the construction of the Birds Point-New Madrid floodway and the floodway plan, in light of the heightened protection of the current system, and whether plaintiffs' land has been exposed to more frequent floods that it would have otherwise experienced absent government action, given the historic flooding of certain areas within the flood plain. Sponenbarger, 308 U.S. at 266 ("The Government has not subjected respondent's land to any additional flooding, above what would occur if the Government had not acted; and the Fifth Amendment does not make the Government an insurer that the evil of floods be stamped out universally before the evil can be attacked at all."); Danforth, 308 U.S. at 286 ("The Government could become liable for a taking, in whole

2

or in part, even without direct appropriation, by such construction as would put upon this land a burden, actually experienced, of caring for floods greater than it bore prior to the construction. . . . We cannot conclude that the retention of water from unusual floods for a somewhat longer period or its increase in depth or destructiveness by reason of the set-back levee, has the effect of taking."); see also Matthews v. United States, 87 Ct. Cl. 662 (1938).

Accordingly, Counts I and II of plaintiffs' Second Amended Class Action Complaint, encompassing plaintiffs' takings claims, are **REINSTATED**.  Plaintiffs' motion for modification of the court's May 23, 2013 order, certification for interlocutory appeal, and for a stay pending that appeal is **DENIED**.  The parties shall submit a revised discovery schedule by **August 2, 2013** with regard to the breach of contract claims and the newly-reinstated takings claims.  After discovery, the court will revisit the appropriate next steps in this case.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge